IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN MCGILL, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Hon. |
| v. | ) | Judge Presiding |
| | ) | |
| PARAMOUNT STAFFING OF CHICAGO, INC, | ) ) | Magistrate Judge |
| | ) | Jury Trial Requested |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, KAREN MCGILL, by and through her counsel, LISA KANE & ASSOCIATES, and complaining of Defendant, PARAMOUNT STAFFING OF CHICAGO, INC, states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violations of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 2000e et seq. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202

### VENUE

1

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

## PARTIES

4. Plaintiff, KAREN MCGILL, is a female United States citizen who resides in Illinois.

5. Defendant, PARAMOUNT STAFFING OF CHICAGO, INC, is an Illinois corporation, which has continuously, and does now employ more than fifteen (15) employees, is engaged in an industry that affects commerce and continues to do business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e et seq.

## PROCEDURE

6. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 20, 2013. The EEOC issued Plaintiff a Notice of Right to Sue on June 4, 2013, which was received on June 5, 2013. The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

## COUNT I - TITLE VII - SEXUAL HARASSMENT - HOSTILE WORK ENVIRONMENT

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. Plaintiff, a female, began her employment with Defendant in March 2011 as a battery changer and forklift operator.

9. During the course of Plaintiff's employment with Defendant, she met or exceeded Defendant's legitimate performance expectations, and any assertion to the contrary is pretextual.

10. Throughout her employment, Plaintiff had been one of two female forklift operators

at her job location.

11. Since the inception of Plaintiff's employment, male coworkers frequently sexually harassed Plaintiff by, *inter alia*,

    a) licking their lips at Plaintiff;

    b) flicking their tongues at Plaintiff in a manner suggesting performing an oral sex act;

    c) whistling at Plaintiff when she bent over to pick up boxes;

    d) telling Plaintiff to "show me your boobs";

    e) soliciting Plaintiff for sex by saying, "Let's go hide in an aisle in the warehouse, and I'll show you, and you will like it";

    f) making sexually suggestive comments, such as, "You're not supposed to bite it, that hurts. Be gentle and nice. Oh yeah baby," while Plaintiff was eating a banana during her break;

    g) stating to Plaintiff "when you gonna let me take you out. Then I can show you what a real man can do; you know what they say, 'once you go black you never go back.' I will make love to you and you will keep coming back for more."

12. Plaintiff routinely complained about the sexual harassment to Alberto Montoia, leadman for Plaintiff's shift. Defendant failed to discipline the offending coworkers, which exacerbated an already hostile work environment.

13. Throughout Plaintiff's employment, Alfredo Gamboa, warehouse supervisor, routinely referred to Plaintiff as "babe" in conversation, instead of using her name.

14. During Plaintiff's employment, Saul Catahan, a male forklift operator, frequently harassed Plaintiff by making sexually derogatory comments and gestures including:

   a) asking Plaintiff, "When are you going to let me fuck you?" while thrusting his hips and spanking his leg;

   b) telling Plaintiff, "I want to eat your panocha," ("panocha" is a Spanish word meaning "pussy");

   c) telling Plaintiff, "I'm gonna fuck you hard with my dick, and you'll want more because I'd make you feel so good.".

15. Catahan also solicited Plaintiff for sex by propositioning Plaintiff to go inside a trailer and show him her body; telling Plaintiff, "I want you to suck my dick"; and asking Plaintiff to accompany him to a hotel.

16. As a result of Catahan's actions, Plaintiff complained to Alberto Montoia, leadman for Plaintiff's shift.

17. On information and belief, Catahan was not disciplined for his sexual harassment of Plaintiff, as Catahan remained employed.

18. From June 2011 through April 2013, Jose J. Rangel, a male forklift operator, frequently sexually harassed the Plaintiff by continuously following Plaintiff throughout the job site during her shifts, telling Plaintiff, "I love you," and asking Plaintiff for dates.

19. Consequently, Plaintiff reported Rangel's comments and actions to shift leadman Montoia.

20. On information and belief, Rangel was not disciplined for his sexual harassment of Plaintiff, as Rangel remained employed.

21. Subsequent to reporting of and opposition to the hostile work environment, Defendant suspended Plaintiff and terminated Plaintiff's assignment on April 18, 2013. Defendant failed to provide Plaintiff with a reason for her termination.

22. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of her sex, female, by subjecting her to a hostile work environment on the basis of her sex, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of her employment relationship in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

23. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and severe physical and severe emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KAREN MCGILL, prays for judgment against Defendant and respectfully request that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex;

C. Order Defendant to make whole KAREN MCGILL by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to KAREN MCGILL;

E.     Grant Plaintiff actual, consequential, compensatory, punitive, and any other damages the Court may deem appropriate against Defendant;

F.     Grant Plaintiff her attorney fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - TITLE VII - RETALIATION

24.     Paragraphs one (1) through twenty-three (23) are incorporated by reference as if fully set out herein.

25.     Plaintiff reported the sexual harassment to which she was subjected to on site supervisory personnel, as well as Defendant's Chicago Heights staffing location to no avail, and subsequent thereto Plaintiff was terminated.

26.     The aforementioned acts and omissions of Defendant constitute retaliation against Plaintiff based on her opposition to the hostile work environment she suffered at Defendant, and having deprived Plaintiff of the enjoyment of all benefits, privileges, terms and conditions of her employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

27.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and severe physical and severe emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KAREN MCGILL, prays for judgment against Defendant and respectfully request that this Court:

  A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

  B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of sex;

  C. Order Defendant to make whole KAREN MCGILL by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

  D. Order Defendant to pay lost, foregone, and future wages to KAREN MCGILL;

  E. Grant Plaintiff actual, consequential, compensatory, punitive, and any other damages the Court may deem appropriate against Defendant;

  F. Grant Plaintiff her attorney fees, costs, disbursements; and

  G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

28. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

            Respectfully submitted,
            KAREN MCGILL, Plaintiff,

            By: s/Lisa Kane
            Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates
Attorney for Plaintiff
141 West Jackson Boulevard, Suite 3620
Chicago, IL 60604
(312) 606-0383

Attorney Code No. 06203093
lisakane@sbcglobal.net